**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GERARD DURE and ELZA DURE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE LAW OFFICES OF CRAIG ZIMMERMAN *et al.*, : <br> : <br> Defendant. : | CIVIL ACTION NO. <br> 1:10-CV-3914-RWS |

**ORDER**

This case comes before the Court for the purpose of a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). After reviewing the record, the Court enters the following order.

Plaintiffs' Request to Proceed In Forma Pauperis [1] was granted on December 2, 2010. (Dkt. No. [2]). Plaintiffs' Complaint [3] was submitted to this Court for a frivolity review. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

AO 72A
(Rev.8/82)

from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d. 338 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

The Complaint, however, lacks clarity regarding who the Plaintiffs intend to sue under what theories of liability. Therefore, the Court is unable to conclude whether it has subject matter and personal jurisdiction. Although the Complaint names several people associated with The Law Offices of Craig Zimmerman–including Deep Patel, Gloria Ha, and Madonna Powers–it does not specify whether the Plaintiffs seek redress from them individually. (Dkt. No. [3] at 2).

Also, the Court cannot affirmatively determine which theories of liability the Plaintiffs are pursuing against the potential Defendants. Although the Civil Cover Sheet identifies the jurisdictional basis to be a federal question and the "Nature of the Suit" as "Consumer Credit," the action appears akin to a state legal malpractice and/or fraud claim that would require diversity among the parties to remain in federal court. (Dkt. No. [3-12] at 1-2). But, in completing the "Citizenship of Principal Parties" section of the Cover Sheet, which should be

completed only for diversity cases, Plaintiffs asserted that Defendant is incorporated or has its principal place of business in the same state as Plaintiffs, which would destroy diversity. (Dkt. No. [3], Att. 12 at 1). However, the Court does note that if diversity of the parties can be shown, the requirements for subject matter jurisdiction would be satisfied under 28 U.S.C. § 1332(a) because Plaintiffs meet the required value of relief sought–more than $75,000–by seeking $506,308.47 in compensatory and punitive damages. (Dkt. No. [3] at 5).

Based on the foregoing, Plaintiffs are **DIRECTED** to file an amended Complaint with the Court not later than 14 days from the date of this Order, specifying the bases for both subject matter and personal jurisdiction. Specifically, Plaintiffs should be mindful to set out what cause of action they are asserting against each pursued Defendant. As well, Plaintiffs should make clear where each Defendant is domiciled. If Plaintiffs fail to file an amended complaint within 14 days of this Order, the case shall be dismissed without prejudice.

**SO ORDERED**, this  25th  day of May, 2011.

_____
**RICHARD W. STORY**
United States District Judge

3