# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GERARD DURE, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-3914-RWS |
| THE LAW OFFICES OF CRAIG : | |
| ZIMMERMAN, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

Plaintiffs Gerard and Eliza Dure, *pro se*, filed this action on December 1, 2010 and requested that they be permitted to proceed *in forma pauperis*. On December 3, 2010, Chief Magistrate Judge Janet F. King entered an order granting Plaintiff's Motion to Proceed In Forma Pauperis and directed the Clerk to assign the case for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court initially reviewed the matter in May 2011, but was unable to ascertain which claims the Plaintiffs intended to bring against which parties and the bases of personal and subject matter jurisdictions. Dkt. No. [4].

In response to the Court's direction, Plaintiffs have now filed an amended complaint which is before the Court on frivolity review.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d. 338 (1989); <u>Carrol v. Gross</u>, 984 F.2d 393, 393 (11th Cir. 1993).

Here, Plaintiffs' Amended Complaint must be dismissed as this Court lacks subject matter jurisdiction. In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of either a federal question or diversity of citizenship. <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). In their Amended Complaint, Plaintiffs make clear that they are bringing state law "fraud, slander, negligence, intentional infliction of emotional distress[,] unjust enrichment[,] failure to perform legal obligation[,] breach of duty and or violation or invasion of

2

Plaintiffs' right" claims. Am. Cmpl., Dkt. No. [5] at 2. None of these claims arise out of federal law.

Additionally, outside of Plaintiffs' specific claims, the only citation to federal law in the Amended Complaint is to 15 U.S.C. § 1681(n), a provision of the Fair Credit Reporting Act ("FCRA"). "Under that statute[,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully . . . violates the FCRA." Rush v. Macy's New York, 775 F.2d 1554, 1557 (11th Cir. 1985). This "claim" is clearly frivolous because Plaintiffs' action is essentially a legal malpractice action against four different attorneys–none of whom are alleged to be credit reporting agencies or related users of that information. Thus, Plaintiffs have not alleged federal-question subject-matter jurisdiction. See 28 U.S.C. 1331 ("The district court shall have original jurisdiction of all civil actions arising out of the Constitution, laws, or treaties of the United States.").

Further, complete diversity does not exist in this action as Georgia Plaintiffs have brought a claim against three California Defendants and one Georgia Defendant. See 28 U.S.C. § 1332; MacGinnitie v. Hobbs Group, LLC,

420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."). Thus, this Court does not have jurisdiction over this matter and the action must be **DISMISSED, without prejudice**. The Clerk is directed to close this case.

**SO ORDERED** this  10th  day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)